FILED
June 28, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:    DT
            Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUGO IRAM CARDONA, JR.,<br><br>Defendant. | Case No: EP:23-CR-01273-KC<br><br>**I N D I C T M E N T**<br><br>**CTS 1-5:  18 U.S.C. § 2261A(2)(B)** – Cyberstalking;<br><br>**CTS 6-10:  18 U.S.C. § 875(d)** – Interstate Communications with Intent to Extort;<br><br>**CT 11:  18 U.S.C. § 2252(a)(4)(B) & (b)(2)** – Possession of a Visual Depiction Involving the Sexual Exploitation of a Minor.<br><br>*Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(18 U.S.C. § 2261A(2)(B))

That beginning on or about January 19, 2023, and continuing until on or about June 1, 2023, within the Western District of Texas, the Defendant,

**HUGO IRAM CARDONA, JR.,**

with the intent to injure, harass, and cause substantial emotional distress to MV-1, used facilities of interstate and foreign commerce, including the internet, to engage in a course of conduct that caused substantial emotional distress to a person and would be reasonably expected to cause substantial emotional distress to that person, in violation of Title 18 U.S.C. § 2261A(2)(B).

## COUNT TWO
(18 U.S.C. § 2261A(2)(B))

That beginning on or about January 18, 2023, and continuing until on or about June 1, 2023, within the Western District of Texas, the Defendant,

**HUGO IRAM CARDONA, JR.,**

with the intent to injure, harass, and cause substantial emotional distress to MV-2, used facilities of interstate and foreign commerce, including the internet, to engage in a course of conduct that caused substantial emotional distress to a person and would be reasonably expected to cause substantial emotional distress to that person, in violation of Title 18 U.S.C. § 2261A(2)(B).

## COUNT THREE
(18 U.S.C. § 2261A(2)(B))

That beginning on or about January 25, 2023, and continuing until on or about June 1, 2023, within the Western District of Texas, the Defendant,

**HUGO IRAM CARDONA, JR.,**

with the intent to injure, harass, and cause substantial emotional distress to MV-3, used facilities of interstate and foreign commerce, including the internet, to engage in a course of conduct that caused substantial emotional distress to a person and would be reasonably expected to cause substantial emotional distress to that person, in violation of Title 18 U.S.C. § 2261A(2)(B).

## COUNT FOUR
(18 U.S.C. § 2261A(2)(B))

That beginning on or about February 17, 2023, and continuing until on or about June 1, 2023, within the Western District of Texas, the Defendant,

**HUGO IRAM CARDONA, JR.,**

with the intent to injure, harass, and cause substantial emotional distress to MV-4, used facilities of interstate and foreign commerce, including the internet, to engage in a course of conduct that

caused substantial emotional distress to a person and would be reasonably expected to cause substantial emotional distress to that person, in violation of Title 18 U.S.C. § 2261A(2)(B).

## COUNT FIVE
(18 U.S.C. § 2261A(2)(B))

That beginning on or about February 19, 2023, and continuing until on or about June 1, 2023, within the Western District of Texas, the Defendant,

**HUGO IRAM CARDONA, JR.,**

with the intent to injure, harass, and cause substantial emotional distress to M.M., used facilities of interstate and foreign commerce, including the internet, to engage in a course of conduct that caused substantial emotional distress to a person and would be reasonably expected to cause substantial emotional distress to that person, in violation of Title 18 U.S.C. § 2261A(2)(B).

## COUNT SIX
(18 U.S.C. § 875(d))

That beginning on or about January 19, 2023, and continuing until on or about June 1, 2023, within the Western District of Texas, the Defendant,

**HUGO IRAM CARDONA, JR.,**

knowingly and willfully did transmit a communication in interstate and foreign commerce, which communication contained a threat to injure the reputation of the MV-1, in violation of Title 18 U.S.C. § 875(d).

## COUNT SEVEN
(18 U.S.C. § 875(d))

That beginning on or about January 18, 2023, and continuing until on or about June 1, 2023, within the Western District of Texas, the Defendant,

**HUGO IRAM CARDONA, JR.,**

knowingly and willfully did transmit a communication in interstate and foreign commerce, which communication contained a threat to injure the reputation of the MV-2, in violation of Title 18 U.S.C. § 875(d).

## COUNT EIGHT
(18 U.S.C. § 875(d))

That beginning on or about January 25, 2023, and continuing until on or about June 1, 2023, within the Western District of Texas, the Defendant,

**HUGO IRAM CARDONA, JR.,**

knowingly and willfully did transmit a communication in interstate and foreign commerce, which communication contained a threat to injure the reputation of the MV-3, in violation of Title 18 U.S.C. § 875(d).

## COUNT NINE
(18 U.S.C. § 875(d))

That beginning on or about February 17, 2023, and continuing until on or about June 1, 2023, within the Western District of Texas, the Defendant,

**HUGO IRAM CARDONA, JR.,**

knowingly and willfully did transmit a communication in interstate and foreign commerce, which communication contained a threat to injure the reputation of the MV-4, in violation of Title 18 U.S.C. § 875(d).

## COUNT TEN
(18 U.S.C. § 875(d))

That beginning on or about February 19, 2023, and continuing until on or about June 1, 2023, within the Western District of Texas, the Defendant,

**HUGO IRAM CARDONA, JR.,**

knowingly and willfully did transmit a communication in interstate and foreign commerce, which communication contained a threat to injure the reputation of the MM, in violation of Title 18 U.S.C. § 875(d).

## COUNT ELEVEN
(18 U.S.C. §§ 2252(a)(2)(a)(4)(B) and (b)(2))

On or about January 18, 2023, in the Western District of Texas, the Defendant,

**HUGO IRAM CARDONA, JR.,**

knowingly possessed matter which contained any visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), which visual depictions had been transported in interstate and foreign commerce, to wit: by computer, and were produced using materials which had been shipped and transported in interstate and foreign commerce by any means, including by computer, and the producing of which involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
**Communicating a Threat in Interstate Commerce Violation and Forfeiture Statutes**
**[Title 18 U.S.C. § 875(d), subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C),**

**as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violation set forth in Counts Six through Ten, the United States of America gives notice to Defendant **HUGO IRAM CARDONA, JR.** of its intent to seek the forfeiture of any and all property upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 981(a)(1)(C), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c). Title 18 U.S.C. § 981(a)(1)(C) states in pertinent part:

> **Title 18 U.S.C. § 981. Civil Forfeiture**
> (a)(1) The following property is subject to forfeiture to the United States:
> * * *
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

## II.
**Possession of Child Pornography Violation and Forfeiture Statutes**
**[Title 18 U.S.C. §§ 2252(a)(4)(B) and (b)(1), subject to criminal forfeiture pursuant to Title 18 U.S.C. §§ 2253(a)(1), (2) and (3)]**

As a result of the criminal violations set forth in Count Eleven, the United States of America gives notice of its intent to seek the forfeiture of the properties described below from Defendant **HUGO IRAM CARDONA, JR.** including but not limited to computer(s), electronic equipment, accessories, and devices, upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. §§ 2253(a)(1), (2), and (3), which state:

> **Title 18 U.S.C. § 2253. Criminal forfeiture**
>
> **(a) Property subject to criminal forfeiture. -**A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter or who is convicted of an offense under section 2251B of this chapter, or who is convicted of an offense under chapter 109A, shall forfeit to the United States such person's interest in-
>
> > **(1)** any visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter, or any book, magazine, periodical,

film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;

**(2)** any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

**(3)** any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
Assistant United States Attorney